Ronnie L. MITCHELL *v.* STATE of Arkansas

CR 75-114                    528 S.W. 2d 368

Opinion delivered October 6, 1975

*Harold L. Hall,* Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In July of 1974 the appellant was charged by information with having committed robbery on April 20, 1972, at a grocery store in Little Rock. The trial court, hearing the case without a jury, found the appellant guilty and imposed a five-year sentence. The appellant questions the sufficiency of the evidence and the trial court's refusal to grant a continuance.

Upon the first point, the grocery store was run by Burl Elder and his wife. Mrs. Elder testified that Mitchell and another man, armed with pistols, entered the store at about 1:20 p.m., held up the couple, and took money and a carton of cigarettes. Mrs. Elder identified Mitchell in court and testified that she had picked out his picture at the police station two or three weeks after the robbery and that she had also identified him in a line-up in October of 1974. The testimony of this witness is sufficient proof to support the conviction.

As to the motion for a continuance, Officer Bates testified that he showed Mrs. Elder a number of photographs, but he didn't believe there was a line-up with Mitchell in it. On cross-examination the officer said that he did not have his investigative file with him. He had looked for it on the morning of the trial, but the case had become inactive, "and they have changed the whole system down there." Officer Bates said that the police file might show if there had been a line-up, but it would not show Mitchell in a line-up. Mitchell denied that he had ever been in a line-up at the Little Rock police station. After both sides had rested the court overruled defense counsel's motion for a week's continuance "to give

the defendant and his attorney and the Little Rock Police Department an opportunity to locate the police file in this cause."

The granting of a continuance is discretionary. In *Jackson* v. *State*, 245 Ark. 331, 432 S.W. 2d 876 (1968), we found no abuse of discretion in the court's refusal to continue the case when the defense investigation had not been pursued with diligence. In the case at bar the trial was held two years and eight months after the offense (Mitchell having been out of the state), giving rise to a possibility that the police file might not be readily available. There is no showing that defense counsel made any inquiry about the file before the trial.

It is even more significant that no search for the file is shown to have been made after the trial. Although a motion for a new trial is no longer required in criminal cases, such a motion is recognized by the statute and extends the time for filing notice of appeal. Ark. Stat. Ann. § 43-2704 (Supp. 1973). Thus defense counsel actually had much more than the requested one week within which to search for the police file. As the matter stands, we have no assurance either that the missing file can be found or that it contains any information helpful to the defense. Under the circumstances we are unwilling to order a new trial.

Affirmed.

BYRD, J., concurs.